Charles SALMON, Plaintiff–Appellant,

v.

CORPUS CHRISTI INDEPENDENT
SCHOOL DISTRICT, et al.,
Defendants–Appellees.

No. 90–2380

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1990.

Rehearing Denied Oct. 22, 1990.

Charles Salmon, Corpus Christi, Tex., pro se.

Gene R. Ward, Corpus Christi, Tex., for Corpus Christi I.S.D. and Gregory–Portland I.S.D.

Paul Dodson, Mark William Dekoch, Corpus Christi, Tex., for Flour Bluff I.S.D.

John T. Fleming, Austin, Tex., for Tuloso Midway I.S.D.

Before GEE, SMITH and WIENER, Circuit Judges:

PER CURIAM:

Charles Salmon appeals from the district court's order denying his request for appointed counsel. Salmon is a school teacher who complains of age discrimination by four public school districts. Because we find no error in the district court's application in this case of the four factors we set forth in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982), for determining whether exceptional circumstances require the appointment of counsel in section 1983 civil rights actions and no error in the court's alternate use of the standard for appointment of counsel in Title VII cases, we affirm.

■ There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel. *Ulmer*, at 212; *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). Accordingly, we review the decision of the trial court under an abuse of discretion standard. *Jackson v. Dallas Police Dept.*, 811 F.2d 260 (5th Cir.1986). Concluding that an age discrimination action is similar in purpose and procedure to both section 1983 and Title VII lawsuits, the District Court accorded petitioner's request for counsel the benefit of analysis under both standards. Petitioner does not assert that the court applied an incorrect standard.

■ First, the district court evaluated petitioner's request in light of the following four factors set forth in *Ulmer:* (1) the type and complexity of the case; (2) whether petitioner is capable of presenting his case adequately; (3) whether petitioner is in a position to investigate the case adequately; and (4) whether the evidence will consist in large part of conflicting testimony, so as to require skill in the presentation of evidence and in cross examination. Both the district court and the magistrate concluded that age discrimination claims do not present great complexity. Based upon petitioner's higher education, on petitioner's prior experience in representing himself (including the filing of at least seven lawsuits, eleven complaints with the EEOC, twenty complaints with the Texas Education Agency and ten grievances against attorneys), and on petitioner's demonstrated ability in the current case to file motions and submit timely objections to the magistrate's memorandum and recommendations, the district court properly concluded that petitioner was capable of presenting his own case. At the present stage of that case, the district court found neither any indication that plaintiff could not investigate his case nor any indication of testimony which would require skilled cross examination. Offering only bare conclusory statements, petitioner has wholly failed to demonstrate that the district court abused its discretion in reaching any of the above conclusions.

■ Second, the court assessed petitioner's request for counsel under the standard for appointment in Title VII cases. We have stated that here the proper considerations include the probable success of the claim, the efforts by the plaintiff to retain counsel, and the plaintiff's financial ability. *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984). Again, by offering mere conclusory statements only, petitioner has demonstrated no basis for us to find fault with the determination of the trial court that the tenor of the current litigation was not likely to be any more successful than similar allegations raised in petitioner's unending (and thus far unsuccessful) stream of seven prior suits, eleven prior EEOC filings and twenty prior complaints to the Texas Education Agency. Although petitioner adequately demonstrated both his inability to retain counsel and his indigency, the District Court concluded that these findings alone did not merit appointment of counsel, given peti-

tioner's education and demonstrated ability to represent himself. We agree.

AFFIRMED.