Jim THREADGILL, Appellant,

v.

FARMERS INSURANCE EXCHANGE, Truck Insurance Exchange, Fire Insurance Exchange, Mid–Century Insurance Company, Farmers New World Life Insurance Company, Texas Farmers Insurance Company and Farmers Texas County Mutual Insurance Company d/b/a The Farmers Insurance Group of Companies, and John P. Hageman, Appellees.

No. 05–94–01357–CV.

Court of Appeals of Texas, Dallas.

Aug. 11, 1995.

Bruce E. Bagelman, Weinstein, Bagelman & Rasansky, P.C., Dallas, for appellant.

Elizabeth M. Marsh, Nancy Ebe, Ebe & Associates, P.C., Austin, Jeffrey S. Levinger, Lyndon F. Bittle, Carrington Coleman Sloman & Blumenthal, Dallas, for appellees.

Before CHAPMAN, BARBER and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Jim Threadgill appeals a summary judgment granted in favor of appellees. In five points of error, Threadgill contends the trial judge erred in granting summary judgment on his breach of contract claim because: (1) the agent agreement between Threadgill and appellees is ambiguous and, therefore, extrinsic evidence was necessary to determine the parties' intent; (2) Threadgill's extrinsic evidence established that appellees were not authorized to terminate the agent agreement without cause; (3) an implied-in-fact promise existed between Threadgill and appellees which prohibited Threadgill's termination without cause; (4) a question of fact existed on whether Threadgill's termination was justified; and (5) Threadgill's acceptance of the contract value from appellees did not bar his claim for breach of contract.[1] For the reasons set forth below, we affirm the trial court's judgment.

---

1. Although Threadgill asserts in his brief that he is appealing his breach of contract *and* negligent misrepresentation claims, Threadgill's points of error address only his breach of contract claim. The record on appeal clearly establishes that Threadgill's negligent misrepresentation claim was withdrawn before the trial judge granted summary judgment and, thus, was not addressed by the trial court. Moreover, Threadgill conceded during oral argument that he was only appealing the breach of contract cause of action. Accordingly, we do not address the negligent misrepresentation claim.

## FACTUAL AND PROCEDURAL BACKGROUND

Threadgill began selling appellees' insurance in January 1961. In October 1984, Threadgill and appellees entered into a written agent agreement. Under the agreement, Threadgill agreed to be an independent contractor for appellees.

In April 1990, Threadgill received a letter from Pete Johnson, one of appellees' Regional Sales Managers, informing Threadgill that his agent agreement would be terminated effective July 31, 1990. In response to Johnson's letter, Threadgill requested a termination review hearing. In a letter dated June 27, 1990, appellees notified Threadgill that the termination review board had reviewed his case and decided to uphold the decision to terminate Threadgill's agent agreement.

The agent agreement entitled Threadgill, upon his termination, to receive the "contract value" of his agency, payable in three equal semi-annual installments. On July 31, 1990, Threadgill received the first installment. Shortly thereafter, Threadgill wrote appellees and requested a lump-sum payment of the contract value. Appellees complied and subsequently sent Threadgill a check for the remaining balance.

On May 15, 1992, Threadgill sued appellees. In his petition, Threadgill asserted causes of action against appellees for: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) tortious interference with contract; (4) tortious interference with prospective economic opportunity; (5) negligent hiring, training, and management; and (6) equitable estoppel. Threadgill claimed appellees breached their contract by terminating him without cause. On April 6, 1994, appellees moved for summary judgment on all of Threadgill's causes of action. The trial judge held a hearing on appellees' motion on May 4, 1994. Following the hearing, the trial judge granted summary judgment for appellees. This appeal followed.

## SUMMARY JUDGMENT

■ In reviewing a summary judgment, this Court applies the following standards:

(1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

(2) In deciding whether a disputed material fact issue exists precluding summary judgment, we take evidence favorable to the nonmovant as true.

(3) We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor.

*Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To prevail on summary judgment, a defendant as movant must either (1) disprove at least one element of each of the plaintiff's theories of recovery or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *International Union UAW Local 119 v. Johnson Controls, Inc.*, 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

■ The purpose of the summary judgment rule is not to provide a trial by deposition or affidavit. Rather, the purpose of the rule is to provide a method of summarily ending a case that involves only a question of law or no genuine issue of fact. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). The rule is not intended to deprive litigants of their right to a full hearing on the merits of any real fact issue. *See Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

## CONTRACT AMBIGUITY

In his first point of error, Threadgill contends the trial judge erred in granting summary judgment on his breach of contract claim because the agent agreement in this case is ambiguous. Threadgill claims the agreement is ambiguous because it specifically states that an agent may be terminated without cause and provides for a termination review process. According to Threadgill,

providing a termination review process is inconsistent with an "at will" termination; therefore, the agreement is ambiguous. Threadgill contends the trial judge should have considered extrinsic evidence to determine the parties' true contractual intent. We disagree.

■ Whether a contract is ambiguous is a question of law. *Reilly v. Rangers Mgmt., Inc.,* 727 S.W.2d 527, 529 (Tex.1987). To determine whether a contract is ambiguous, we look to the contract as a whole and consider the circumstances existing when the parties entered into the contract. *Reilly,* 727 S.W.2d at 529. If a contract is written so that a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983); *R & P Enters. v. La-Guarta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517, 519 (Tex.1980). Extrinsic evidence is not admissible when a contract is unambiguous. *R & P Enters.,* 596 S.W.2d at 519; *Maxwell v. Lake,* 674 S.W.2d 795, 801 (Tex.App.— Dallas 1984, no writ). We construe unambiguous contracts by giving the language in the contract its plain grammatical meaning. *Reilly,* 727 S.W.2d at 529.

■ Although Threadgill claims the contract is ambiguous, we disagree. Paragraphs C and D of the agent agreement provide, in relevant part, that:

C. This Agreement terminates upon the death of the Agent and *may be terminated by either the Agent or the Companies on three (3) months written notice.*

If the provisions of this Agreement are breached by either the Agent or the Companies, the Agreement may be terminated by the other party on thirty (30) days written notice. This Agreement may be terminated immediately by mutual consent or by the Companies for the following reasons:

1. Embezzlement of monies belonging to the Companies.

2. Switching insurance from the Companies to another carrier.

3. Abandonment of the Agency.

4. Conviction of a felony.

5. Willfull [sic] misrepresentation that is material to the operation of the Agency.

D. In the event this Agreement is terminated by the Companies, the Agent may within ten (10) days of receiving the notice of termination request a review of the termination by a termination review board.

(Emphasis added.) The contract clearly states that either party has the right to terminate the agreement by giving three months written notice to the other party. When a contract expressly provides that it is subject to termination upon notice, each party to the contract has the legal right to cancel the contract. *Juliette Fowler Homes, Inc. v. Welch Assoc., Inc.,* 793 S.W.2d 660, 665 (Tex.1990). Further, when the parties bargain for the flexibility of terminating the contract upon the tender of the requisite notice, neither party should be denied the benefit of its bargain. *Juliette,* 793 S.W.2d at 665.

■ We find nothing uncertain or indefinite about the language contained in the contract. Thus, we conclude the agreement is unambiguous. *See Coker,* 650 S.W.2d at 393; *R & P Enters.,* 596 S.W.2d at 519. In so holding, we expressly reject Threadgill's argument that the contract is ambiguous because the termination review process provision is inconsistent with the portion of the contract allowing for termination without cause. The fact that an agent is terminated without cause does not, in itself, eliminate the potential need for a review process. For example, a termination review board could determine that an agent who was terminated without cause was not given three months written notice as required by the agent agreement. Thus, we conclude the termination review provision is not inconsistent with termination without cause. The trial judge properly concluded the agreement was unambiguous. We overrule Threadgill's first point of error.

■ In his second point of error, Threadgill contends the trial judge erred in granting summary judgment because his extrinsic evidence established that appellees were not authorized to terminate him except for a

willful violation of the agreement or for good cause. We have previously concluded that the agent agreement is unambiguous. Thus, we conclude the trial judge was not authorized to consider any extrinsic evidence. *See R & P Enters.*, 596 S.W.2d at 519 (holding that extrinsic evidence not admissible when contract is unambiguous). We overrule Threadgill's second point of error.

## IMPLIED–IN–FACT CONTRACT

In his third point of error, Threadgill contends the trial judge erred in granting summary judgment in favor of appellees because Threadgill presented evidence of an "implied-in-fact promise" between Threadgill and appellees. Threadgill claims that under the implied-in-fact promise, appellees could only terminate him for (1) one of the five specific reasons set forth in paragraph C of the agent agreement, (2) a willful violation of the agent agreement, or (3) just cause. Threadgill contends the existence of the implied-in-fact contract therefore precluded summary judgment in favor of appellees. We disagree.

 As a general rule, a party may recover under an implied contract theory only when no express contract exists covering the subject matter. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990); *Commerce, Crowdus & Canton, Ltd. v. DKS Constr., Inc.*, 776 S.W.2d 615, 620 (Tex.App.—Dallas 1989, no writ).[2] In this case, the agent agreement clearly covers termination. Because an express agreement existed regarding termination of the agent agreement, we conclude Threadgill could not recover for breach of an implied-in-fact contract. We overrule Threadgill's third point of error.

## TERMINATION AND BREACH OF CONTRACT

In his fourth point of error, Threadgill contends the trial judge erred in granting summary judgment because an issue of fact exists on whether his termination was justified. We have previously concluded that (1) the agent agreement was unambiguous and

---

**2.** Although exceptions to the general rule exist, Threadgill does not argue that any of the exceptions apply in this case.

(2) either party could terminate the agreement without cause on three months written notice. Appellees' uncontroverted summary judgment evidence established that appellees gave Threadgill three months written notice of their intent to terminate the agreement effective July 31, 1990. Because appellees conclusively established that Threadgill was terminated in accordance with the agreement, no fact issue exists on whether the termination was justified. Thus, the trial judge properly granted summary judgment in favor of appellees on Threadgill's breach of contract claim. We overrule Threadgill's fourth point of error.

Our disposition of Threadgill's fourth point of error makes it unnecessary for us to consider Threadgill's fifth point of error contending that his acceptance of the contract value did not bar his claim for breach of contract. Tex.R.App.P. 90(a).

We affirm the trial court's judgment.