**Beverly Ann LEE**

v.

**Marvin RUNYON.**

**No. 1:97–MC–14.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 17, 1998.

Beverly Ann Lee, Beaumont, TX, pro se.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JOE J. FISHER, District Judge.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** It is therefore

**ORDERED** and **ADJUDGED** that movant's motion to proceed *in forma pauperis* is **GRANTED.** It is further

**ORDERED** and **ADJUDGED** that movant is **GRANTED** a reasonable period of time, up to and including July 6, 1998, within which to file her Title VII complaint on a *pro se* basis or through privately retained counsel, if she wishes to proceed. It is further

**ORDERED** and **ADJUDGED** that movant's motion for appointment of counsel is **DENIED.**

Failure of movant to proceed within such time will result in the automatic termination of this proceeding without the necessity of further order of the Court.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL

HINES, United States Magistrate Judge.

Beverly Ann Lee moves to proceed *in forma pauperis* and for appointed counsel in a proposed suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*[1] Movant alleges her employer, the United States Postal Service and Marvin Runyon, Postmaster General, retaliated against her in violation of Title VII, when she was terminated as a result of filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC").

### I. BACKGROUND

This case originates from a employment discrimination action between the parties. (*See Beverly Lee v. U.S.P.S.,* Civ. Action No. 1:94CV742 (E.D.Tex.1995) (Hines J)). On February 18, 1994, movant was terminated due to an alleged unauthorized absence from work. Believing she was the victim of race discrimination, movant filed a charge of discrimination with the EEOC.[2] After the EEOC denied movant's charges, she initiated

an action with the district court. Movant retained private counsel to represent her at trial. Before the action proceeded to trial, however, the parties entered into a "Stipulation For Compromise and Settlement Agreement" ("Agreement"). (*Id.* at Dockt. No. 25). The Agreement stated:

> [T]he parties have reached an agreement for the full and final settlement and compromise of any and all claims set out in the above-captioned and numbered case, as well as any other claim against the Postal Service, whether or not these claims are all known to the parties and whether or not these claims have all yet matured, and will pay to Plaintiff, Beverly A. Lee and her counsel of record the above stated sum, which shall be in full and final settlement and satisfaction of any and all claims which Plaintiff Beverly A. Lee ... may now have or hereafter acquire against the [defendants] on account of the incident or circumstances giving rise to this suit.

(*See* Beverly A. Lee v. United States Postal Service et *al,* Civ. Action No. 1:94CV742, Dockt. No. 25, Stipulation at 2, May 13, 1996) (hereafter "Lee I"). The agreement contained similar language calling for release of all claims on pages 3, 4, and 6. (*Id.*). In all, four of the seven pages of the Agreement contained language indicating that the parties' agreement covered "any and all" claims relating to the facts giving rise to the suit.

In addition, the Agreement identifies the bargain sought by the parties. Paragraph 4 provides:

> In exchange for this agreement to pay and upon the signing of this agreement by Plaintiff and her counsel of record, an Agreed Order of Dismissal with Prejudice shall be filed with the Clerk of the above Court for final dismissal of the above action, with prejudice and without costs or interest. The Plaintiff understands that

---

1. This matter is referred to the undersigned United States Magistrate Judge for review, hearing if necessary, and submission of a report with recommended findings and conclusions of law. *See* 28 U.S.C. § 636(b)(1)(B) and Local Rules for the Assignment of Duties to United States Magistrate Judges.

2. Movant alleged discrimination in three instances. First, she claimed that her removal was discriminatory. Second, she contended that a pre-disciplinary interview that led to her removal was the result of discrimination. Third, she alleged that her supervisor falsified personnel documents used in the determination that ultimately led to her removal.

the term "with prejudice" means that she cannot ever again bring suit with respect to any claim which she has made or could make with respect to the subject matter of this lawsuit. Any further right to litigate, either administratively or judicially, any and all issues which were raised or which could have been raised in the above-referenced judicial case, is specifically waived and relinquished by the Plaintiff.

(*Id.* at 3–4). Movant, Karla Rogers, movant's counsel, Kenneth Dodd, Assistant United States Attorney, Phil Pelch, manager of the human resource department of the United States Postal Service, and Philip Eglsaer, in-house attorney for the United States Postal Service, all signed the Agreement.

Pursuant to the Agreement, final judgment dismissing the action with prejudice was entered on May 20, 1996. (*See Lee I*, Dockt. No. 26). Movant was reinstated at her job with the Postal Service. She received approximately $13,572.48 in backpay. Movant then withdrew the claim alleging that her discharge was discriminatory. She did not, however, withdraw complaints relating to the pre-disciplinary interview, or the allegation that her supervisor falsified documents.

Movant then sought to have the EEOC schedule a hearing on the complaints. Upon receiving notice of the hearing, defendants instructed movant to withdraw the claims or risk breaching the Agreement. Movant refused, and proceeded to the hearing before the EEOC on August 8, 1995.

Concluding that she breached the settlement, defendants reinstated the prior discharge and demanded she return the backpay. Movant then filed a new EEOC complaint alleging that defendants' action constituted retaliation in violation of section 42 U.S.C. § 2000e–3(a).

On December 12, 1996, the EEOC declined to prosecute movant's retaliation claim. Movant subsequently filed this action in district court and now seeks to proceed without payment of costs and to have counsel appointed.

## II. THE ORAL HEARING

On November 6, 1997, the court held an oral hearing in Courtroom 4, of the Jack Brooks Federal Building, Beaumont, Texas. Movant appeared *pro se* at the hearing. When asked by the court what she sought to accomplish by filing his suit, movant stated "enforcement of the settlement agreement." (*See* Audio Recording of Oral Hearing, Civ. Action No. 1: 97MC14, Nov. 6, 1997). She admitted that she was not alleging new or different acts of discrimination. Rather, she sought enforcement of the Agreement based on her understanding that she would not withdraw the claims relating to the predisciplinary interview or falsified documents. She claims her employer was aware of her position when the Agreement was executed and did not condition settlement upon withdrawal of the two remaining claims.

## III. NATURE OF THE CASE

■ Inasmuch as movant admits this is a case to enforce the settlement agreement, it is not a Title VII retaliation action. Rather, enforcement of a settlement agreement arises under contract law and not Title VII. *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir.1994) (citations omitted) (Enforcement of settlement is contractual in nature). Restated, movant wants the court to compel defendant to re-hire her and give her backpay from the period of the second discharge date, September 13, 1995, to date of a second reinstatement. Accordingly, the court will treat this action as one to enforce a settlement agreement.

The determination that this action does not raise a Title VII discrimination claim has two immediate effects. First, since this case does not involve diversity of citizenship, the court must determine whether there is subject matter jurisdiction over this suit. Second, if subject matter jurisdiction exists, the appropriate standard of analysis for movant's motions is under the *in forma pauperis* statute, 28 U.S.C. § 1915, and not Title VII. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir.1990) (noting differing standards for appointed counsel under section 1915(e) and Title VII).

## IV. SUBJECT MATTER JURISDICTION

### A. Legal Precepts

■ Unless statutorily provided, federal court jurisdiction requires, (1) a federal law nexus, *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997)[3]; *see also,* 28 U.S.C. § 1331 (1993), or (2) complete diversity of citizenship between adverse parties and at least $75,000 at issue, *Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978); *see also,* 28 U.S.C. § 1332 (1997).

■ Federal courts must always be willing to consider whether they have subject matter jurisdiction over a case. *Moody v. Empire Life Ins., Co.,* 849 F.2d 902, 904 (5th Cir.1988). If necessary, they should be prepared to do so *sua sponte. Id.* This obligation is especially appropriate in actions to enforce settlement agreements, because federal court jurisdiction over actions to enforce settlement agreements is limited. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 378, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (noting federal court jurisdiction over suits to enforce settlement agreements).

■ Where an action is dismissed pursuant to settlement agreement, the court must expressly retain jurisdiction in its dismissal order. *Id.* at 381–82, 114 S.Ct. at 1677 (noting that to retain jurisdiction over an action dismissed pursuant to settlement, the court's dismissal order should include a "retention of jurisdiction" clause). Absent an express intention by the federal court to retain jurisdiction over an action dismissed pursuant to settlement, jurisdiction does not lie in federal court. *Id.; see also,* Fed.R.Civ.P. 41(a) (1998). This is true even where the underlying suit raised a federal question to fully invoke federal subject matter jurisdiction. *Kokkonen, supra.*

### B. Discussion

■ The order dismissing this action pursuant to settlement stated that the motion to dismiss with prejudice was granted after "review" of, and after the court "fully considered," the Agreement. (*See* Dockt. No. 26, Order of Dismissal). The Agreement, in turn, provides that the federal "court retains jurisdiction to enforce this Agreement." (Agreement at 4). Inasmuch as the order dismissing this case suggests that the court considered the stipulation agreement and the provision that the court retain jurisdiction over any enforcement action, this court has subject matter jurisdiction over this action. *See Kokkonen,* 511 U.S. at 381, 114 S.Ct. at 1677.

## V. MOTION TO PROCEED IN FORMA PAUPERIS

■ An affidavit in support of a motion to proceed *in forma pauperis* is sufficient if it states that, due to poverty, one cannot afford to pay the costs of legal representation and still provide for herself and her dependents. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948).

Movant's affidavit in support of her motion states that she has estimated monthly income of $340 from employment as a travel agent and $400 in operating funds in a business account for the agency. She received $4,600 in a 1997 income tax return. She has two daughters and a son who are 100% dependent upon her for their support. She claims to have recently separated from her husband and, despite his $35,000 per year salary, she reports no income from child support. Movant also reports $23,000 in a retirement plan held by defendants to which she has access, but which is subject to an offset for defendants' back pay demand and taxes. She claims no other assets and lists no liabilities. Movant's reported financial condition establishes that, at this time, she cannot afford to pay court costs and continue to provide for herself and three children. Thus, the motion

---

**3.** See Art. III, § 2 ("The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .").

to proceed *in forma pauperis* should be granted.

## VI. MOTION TO APPOINT COUNSEL

### A. Legal Standards

 A plaintiff in a civil action has no absolute right to appointed counsel. *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir.1990); *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir.1988). Rather, the decision to appoint counsel is left within the sound discretion of the trial court, *Gonzalez*, 907 F.2d at 579; *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305 (5th Cir.1977), and should be made only upon a showing of "exceptional circumstances," *Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.1990).

 The trial court should consider four factors when deciding whether exceptional circumstances warrant appointing counsel: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Hulsey v. State of Texas*, 929 F.2d 168, 172 (5th Cir.1991); *Gonzalez*, 907 F.2d at 579 (*citing, Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)). In addition, the court should be cognizant that any private attorney appointed to represent an indigent complainant will do so without compensation.

### B. Discussion

#### 1. Type and Complexity of the Action

 Consideration of the type and complexity of this case involves evaluation of the merits of movant's case. As stated above, movant seeks enforcement of a settlement agreement. Although this court has power to enforce the settlement agreement, the construction and enforcement of its provisions is governed by Texas contract law. *Eastern Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379,1380 (5th Cir.1988) (citations omitted); *Stevens v. Snyder*, 874 S.W.2d 241, 243 (Tex.App.1994). In Texas,

interpretation of a settlement agreement is a question for the court, unless there is ambiguity or surrounding facts that must be resolved. *Eastern Energy*, 861 F.2d at 1380.

 In construing a settlement agreement, the court's primary concern is to ascertain the parties' true intentions as expressed within the document. *Forbau v. Aetna Life Ins, Co.*, 876 S.W.2d 132, 133 (Tex.1994); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). Where the written instrument can be given a certain or definite legal meaning or interpretation, it is not ambiguous and the court should construe it as a matter of law. *Hasty Inc. v. Inwood Buckhorn J.V.*, 908 S.W.2d 494, 499 (Tex.App.1995); *Coker*, 650 S.W.2d at 393. The document is ambiguous, however, when its meaning is uncertain and doubtful, or is reasonably susceptible to more than one meaning. *Coker*, 650 S.W.2d at 393–94 (*citing, Skelly Oil Co. v. Archer*, 163 Tex. 336, 356 S.W.2d 774, 778 (1962)). Neither parole evidence nor extrinsic evidence is admissible, unless the court first concludes that the contract is ambiguous. *R & P Enters., v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex.1980); *Threadgill v. Farmers Ins., Exch.*, 912 S.W.2d 264, 267 (Tex.App.1995). In determining whether an agreement is ambiguous, the court should "examine and consider the entire writing in an effort to harmonize and give effect to all provisions" so that none will be rendered meaningless. *Coker*, 650 S.W.2d at 393.

This action does not present complex legal or factual issues. Movant need only present evidence of the Agreement. The court must then determine whether the Agreement is ambiguous or otherwise uncertain so as to raise a factual question of its interpretation. Even if the Agreement is found ambiguous, and factual questions raised, proof of the parties' intentions extends only to presentation of testimony of movant and defendants' representatives. Such fact and legal issues would neither be so novel nor complicated to required appointed counsel. *Hulsey*, 929 F.2d at 173 (denying counsel on grounds that legal and fact issues were not complex). This factor weighs in favor of denying the motion for appointed counsel.

### 2. Is Movant Capable of Adequately Presenting Her Case?

Movant appeared at the oral hearing and was articulate and demonstrated the ability to present her claims at trial. Movant appears to possess average intellect and the ability to comprehend the relevant issues necessary to prevail on this action. Moreover, movant noted at the September 20, 1996 administrative hearing, that she has filed 25 Title VII complaints in the past. (*See Beverly A. Lee I,* Dockt. No. 5 at 7). Inasmuch as movant is familiar with the litigation process, is intelligent and articulate, she is capable of presenting her case at trial. *See, Salmon,* 911 F.2d at 1166 (citing movant's education and prior experience in court identified as reasons to deny motion for appointed counsel); *Richardson,* 902 F.2d at 417 (denying appointed counsel when plaintiff exhibited ability to ability to represent self). This factor weighs in favor of denying the motion for court appointed counsel.

### 3. Whether the Indigent Is in a Position to Investigate Adequately the Case.

This case has already enjoyed substantial factual discovery. The parties have given affidavits in response to the EEOC investigation. Moreover, both movant and defendants' representatives have testified at the administrative hearing. In addition, movant has some college education, and admitted to filing 25 prior EEOC complaints. (*See Lee I,* Dockt. No. 5, at 7). There is no indication movant cannot perform the limited investigation, if any, this action might require. *Salmon,* 911 F.2d at 1166 (where case preparation did not require substantial investigation and movant possessed education and had experience representing herself, court concluded movant had ability to investigate action). This factor weighs in favor of denying the motion for appointed counsel.

### 4. Whether the Evidence Will Consist in Large Part of Conflicting Testimony So as to Require Skill in the Presentation of Evidence and in Cross Examination?

If the court determines the settlement agreement to be ambiguous, this action will involve conflicting testimony. Movant contends that she agreed to withdraw only one of three pending claims. The record suggests defendants contend that the Agreement covered any and all claims relating to movant's first discharge. Inasmuch as there has been no agreement between the parties as to the scope of the Agreement, there will likely be considerable conflicting testimony which will necessitate skillful presentation of evidence and cross examination.

Movant is fully capable of presenting evidence in support of her position and competent to challenge defendants' contentions. As stated previously, she has been involved not only in numerous EEOC actions, but she has also been party to litigation in federal court. Moreover, the undersigned observed movant's capabilities firsthand at the oral hearing held November 6, 1997 where she appeared confident, organized and articulate in presenting her case.

Nevertheless, the skills of an experienced attorney may prove helpful on cross examination. The parties are unwavering in their opposing positions regarding the scope of the Agreement. As could be expected of any lay person, movant does not possess the examination skills of an experienced attorney. To the extent there potentially could be a need for skilled cross examination, experienced counsel would be of great assistance to movant. This factor weighs in favor of granting the motion for appointed counsel.

All factors, except cross examination of witnesses, weigh in favor of denying the motion for appointed counsel. At this time, even the need for counsel for cross examination of adverse witnesses is tenuous in that there is no indication that cross examination will yield new or useful testimony. Taking all factors into consideration, the undersigned concludes that this case does not present exceptional circumstances. As such, the motion for appointed counsel should be denied.

### RECOMMENDATION

The motion to proceed *in forma pauperis* should be granted. The motion for court appointed counsel should be denied.

## OBJECTIONS

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 6(a), 6(b), 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs., Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir.1996) (en banc).

May 21, 1998.