**CROSS MEDIA MARKETING
CORPORATION,
Plaintiff,**

v.

**BUDGET MARKETING, INC.,
et al., Defendants.**

**No. 02 Civ.9722(LAK).**

United States District Court,
S.D. New York.

May 25, 2004.

P. Bradley O'Neill, Kramer Levin Naftalis & Frankel LLP, New York City, for Plaintiff.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This Lanham Act case was brought in 2002 and settled pursuant to an agreement dated January 29, 2003 which called for certain defendants to make periodic payments to plaintiff. The agreement further provided that, upon execution and receipt of the initial payment, the parties would discontinue the action without prejudice and then recited that "[n]otwithstanding such dismissal, the Court shall retain continuing jurisdiction to enforce [its] ... terms." Finally, it stated that plaintiff, in the event of an uncured default, would have the right "to enter judgment ... for the full amount of all unpaid payments, with interest."

Following the execution of the agreement and the receipt by plaintiff of the

initial payment, the parties filed a stipulation of discontinuance without prejudice which was approved unconditionally by the Court. The settlement agreement never was filed or approved. Plaintiff now contends that there has been a default under the settlement agreement and moves to reopen the case and to enter judgment for the unpaid balance.

■ In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Supreme Court held that a district court, absent an express reservation by the Court, does not have "jurisdiction . . . over disputes arising out of an agreement that produces" a stipulation of dismissal. While these parties certainly wished to have the Court retain jurisdiction for purposes of enforcing their agreement, they never submitted the settlement agreement to the Court and did not so provide in their stipulation of dismissal. The Court therefore did not retain jurisdiction for the purpose of enforcing the settlement agreement and lacks jurisdiction over plaintiff's current claim. *See, e.g.*, 8 *Moore's Federal Practice* ¶ 41.34[6][h] (3d ed.2000). Plaintiff's remedy is to sue on the settlement agreement.

■ This is not a matter of formalism. A district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so. It might, for example, perhaps properly decline to retain jurisdiction where the administration of a settlement threatened to impose undue burdens on it. *See id.*, at 41–123. Hence, if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court to make a reasoned determination as to whether retention is appropriate.

These parties did not do so. In consequence, although the parties obviously intended that the Court retain jurisdiction, that intention will not be given effect.

This will cause no hardship in this case. There appears to be diversity of citizenship and thus a basis for subject matter jurisdiction in this Court. Nor does it appear, although the Court does not so decide, that the statute of limitations has run on the claim for breach of the settlement agreement. Thus, the only practical effect of this ruling is that the plaintiff will have to commence a new action and pay a filing fee to sue on the agreement. But the fact that plaintiff will have the federal forum that the parties contemplated is a bit of luck.

Motion denied without prejudice to the commencement of an action for breach of the settlement agreement.

SO ORDERED.