Milisa **LOPEZ MORALES,**
et al, Plaintiffs

v.

**HOSPITAL HERMANOS MELENDEZ INC., et al, Defendants.**

**Civil No. 03–1155(SEC).**

United States District Court,
D. Puerto Rico.

Oct. 27, 2006.

Alberto J. Perez–Hernandez, David Efron Law Offices, San Juan, PR, for Plaintiffs.

Raphael Pena–Ramon, De Corral & De Mier, Michelle Pirallo–Di Cristina, Pinto–

Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, Senior District Judge.

Pending before the Court are Co-defendant Hospital Hermanos Meléndez's (hereinafter HHM) Motion to Reconsider and to Set Aside Order to Comply with Settlement Agreement (Docket # 145), Plaintiffs' Motion Requesting Order Clarifying Judgment and/or to Amend Judgment *Nunc Pro Tunc* (Docket # 147), and Plaintiffs' Sealed Motion to Compel Compliance with Settlement Agreement (Docket # 154). Plaintiffs filed an opposition to Co-defendant HHM's motion (Docket # 147). After reviewing the filings and the applicable law, Co-defendant HHM's motion will be **DENIED** and Plaintiffs' motions will be **GRANTED**.

### Background

More detailed backgrounds are set forth in our Opinion and Order of July 13, 2006 (Docket # 141) and our Opinion and Order of November 30, 2005 (Docket # 100). The Court entered Judgment dismissing the above-captioned case pursuant to a sealed settlement agreement (see Dockets ## 119, 113–115). Thereafter, Co-defendants American International Insurance Company (hereinafter AIICO) and HHM moved to set aside the judgment because Co-plaintiff minor Jomar Matos–López, who allegedly suffered permanent damage due to Defendants' medical malpractice, had died while the parties were still in the process of signing the settlement agreement. The motions by AIICO and HHM were denied and, instead, Defendants were ordered to deposit with the Clerk of the Court the settlement amounts that were past due. *See,* Docket # 141. HHM then filed a second motion for reconsideration, on grounds not previously explored in the first motion for reconsideration, and further requested that the Court set aside its order compelling compliance with the settlement agreement. *See,* Docket # 145. Plaintiffs opposed both requests and, in turn, pressed the Court to order HHM to pay its portion of the settlement payment and amend the judgment *nunc pro tunc* to expressly retain jurisdiction over the case and to enable Plaintiffs to register the judgment in the Registry of Property. *See,* Dockets ## 154, 147.

### Applicable Law and Analysis

The motions by the parties set forth two distinct issues: (1) the application of the *rebus sic stantibus* doctrine to the settlement agreement and whether it provides grounds for the Court to modify the judgment as to HHM and (2) the Court's jurisdiction to enforce the settlement agreement. We address each problem separately.

### I. Rebus sic stantibus

We briefly note a procedural hurdle before tackling the merits of HHM's request. HHM labeled its motion one for reconsideration and entreated the Court to reconsider its decision denying post-judgment relief, but did not provide any argument or citation as to the applicable procedural framework. Taking into account what HHM is actually petitioning, that the Court reconsider its prior ruling denying post-judgment relief, it appears that HHM is once again requesting relief under Fed. R.Civ.P. 59(e).[1] We apply the standard of

---

1. This motion also appears to be untimely. Fed.R.Civ.P. 59(e) allows a party to present a motion to alter or amend judgment within ten days of the entry of judgment. The instant motion, although filed within ten days of our Opinion and Order denying the first round of post judgment relief, does not come within the timetable prescribed by the rule, i.e., within ten days of the entry of judgment. Such untimeliness may present practical problems with regards to appellate filings. "A subse-

review previously set forth in our Opinion and Order of July 13, 2006 (Docket # 141) and thus turn to the motion to see if it "clearly establish[es] a manifest error of law" or "present[s] newly discovered evidence". *F.D.I.C. v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir.1992) (citation omitted). The instant motion belongs to the former category, as it posits that the Court erred in its decision "pursuant to the applicable contractual state of law, specifically the *rebus sic stantibus* doctrine" (Docket # 145 at p. 1).

■ Broadly stated, *rebus sic stantibus* is a clause deemed implicit in contracts and that serves to adjust the debtor's obligation or rescind the contract when unforeseeable circumstances render strict compliance with the contract unfair. *See, Rodríguez–López v. Municipio*, 75 DPR 479, 491–492 (1953) (explaining that the *rebus sic stantibus* clause represents one of several approaches in Spain to the notion that contracts may be altered because of a change in the circumstances in which they were engendered, and stating that per such clause, presumed implicit in all contracts, a contract could be rescinded if there was an important change in the facts, such that if the contract were allowed to remain unaltered the result would be unfair and excessively costly); JOSÉ L. LACRUZ BERDEJO ET. AL., II DERECHO DE OBLIGACIONES, VOL. I § 69 (2ND.ED.2000) ("According to this doctrine [the Continental doctrine regarding the *rebus sic stantibus* clause], when there is a contract and the development or execution thereof takes

place during a long time period, it is assumed that the parties have taken into consideration the circumstances prevalent at the time they reached their agreement, or those that they could normally foresee, and the continuing existence of such circumstances, particularly those of an economic nature, tacitly conditions the contract's continued force.") (our translation). Because it allows for an attenuation of that which is required of the parties under a contract, the *rebus sic stantibus* clause stands as a counter force to the rule embodied by the *pacta sunct servanda* axiom, set forth in Art. 1044 of the Civil Code, 31 P.R. Laws Ann. § 2994: "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations". *See, Casera Foods, Inc. v. E.L.A.*, 108 DPR 850, 854 (1979).

■ Although its historical antecedents can be traced back to the Middle Ages, *see*, JOSÉ PUIG BRUTAU, FUNDAMENTOS DE DERECHO CIVIL, TOMO II, VOL. I (3RD ED. 1988), p. 353–54, the *rebus sic stantibus* clause is not specifically regulated by the Puerto Rico Civil Code. *See, Casera Foods, Inc.*, 108 DPR at p. 853 (neither the Spanish nor the Puerto Rico Civil Code contain a provision explicitly regulating the *rebus sic stantibus* clause). Nonetheless, the Puerto Rico Supreme Court has stated that the *rebus sic stantibus* clause may apply as an exceptional remedy to extraordinary circumstances. *Casera Foods, Inc.*, 108 DPR at p. 857, *Municipio de Ponce v.*

---

quent motion for reconsideration served within ten days of the order denying the initial motion for reconsideration but more than ten days after the entry of the original judgment does not toll the time for appealing from that judgment." *See, Colón–Santiago v. Rosario*, 438 F.3d 101, 107 (1st Cir.2006) (quoting *Aybar v. Crispín–Reyes*, 118 F.3d 10, 14 (1st Cir.1997), 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND

PROCEDURE § 2817 (2nd ed.1995)) ("if a second Rule 59(e) motion does not raise new grounds which could not have been raised on the first motion, it is a nullity and does not toll the appeal clock"). It does not, however, preclude us from considering the motion. *See, Aybar, supra* (reviewing the district court's denial of the second motion for reconsideration under the Rule 59(e) framework).

*Autoridad de Carreteras,* 153 DPR 1, 36 (2000) (citing *Casera, supra* ). Its application, however, is conditioned on the presence of **all** of the following elements: (1) that there be a contract whose execution, in whole or in part, be deferred until a future time, (2) that after the parties entered into the contract, (3) an unforeseeable circumstance arise, it also being necessary that such a circumstance show some signs of permanence, (4) that as a result thereof, there be an extraordinary difficulty or aggravation of the conditions surrounding the concession to be made by the debtor, so that it becomes significantly more costly for him to comply with his obligation, (5) that the parties' actions be free of deceit, since there are other mechanisms to attend that problem, and (6) that the interested party move the court for relief. *Casera,* 108 DPR at p. 856 (citing Castán, Derecho civil español común y foral, Tomo 3, p. 551–53, (1974)). Furthermore, if the contract in question is aleatory or fundamentally speculative in nature, the *rebus sic stantibus* clause will not apply. *Id.*

HHM would have us hold that the circumstances surrounding the settlement agreement in the case at bar make the *rebus sic stantibus* clause applicable because: (1) per the settlement contract, HHM has to make six annual installments that total $425,000 in payment of the settlement and (2) after the parties had reached the settlement agreement, an unforeseen circumstance occurred: the need for Co-plaintiff Jomar Matos–López's costly medical care, which was taken into account in reaching the final settlement sum, disappeared with Jomar's surprising death. In opposition, Plaintiffs posit that HHM may not seek to rescind the settlement contract or attenuate its obligation thereunder by recourse to the *rebus sic stantibus* clause because the death of Jomar was not an unforeseeable event at the time the parties reached their agreement.

In support of this contention, Plaintiffs point to our previous Opinion and Order (Docket # 141), in which we stated, at p. 11, that although the timing of Jomar's death was surprising, it was not unforeseeable.

■ Our assertion that Jomar's death was not unforeseeable must be understood in light of our recitation of the facts surrounding the settlement negotiations; in particular that at some point the parties discussed the possibility of a structured settlement which would have paid out different total sums to Plaintiffs depending on whether Jomar died before or after reaching a certain age. That the age in question was not Jomar's age at the time he died, that his death occurred so soon after the settlement agreement was reached, or that the parties eventually decided to steer clear of this particular settlement scenario is of no consequence. For the Court to agree with Plaintiffs that no relief is warranted under the *rebus sic stantibus* clause it is enough to state the following: the parties discussion, no matter how short-lived, of a settlement proposal that took into account Jomar's death at a young age shows that the possibility that Jomar's untimely death could put an early end to his medical expenses was not only foreseeable, but was actually foreseen by the parties. It is unnecessary to analyze whether the remaining requirements of the *rebus sic stantibus* clause are met. Because the circumstance that HHM claims was unforeseeable has no such character, HHM cannot seek to benefit from the clause's exceptional relief.

Accordingly, HHM's motion for reconsideration, predicated on the *rebus sic stantibus* clause is **DENIED.**

## II. *Jurisdiction to enforce the settlement agreement*

We concluded our prior Opinion and Order (Docket # 141) by denying post-judg-

ment relief to Co-defendants AIICO and HHM and ordering Defendants to deposit with the Clerk of the Court the settlement amounts already due. HHM contends that the Court did not have jurisdiction to order them to comply with the settlement agreement. Plaintiffs disagree, pointing to language in the settlement agreement and the motion for voluntary dismissal that reflected the parties' intention that the Court retain jurisdiction to enforce the terms of the agreement. Furthermore, Plaintiffs argue that if the Court were to find merit in HHM's argument, then the Judgment should be amended pursuant to Fed.R.Civ.P. 60(a) so as to correct the Court's clerical mistake in omitting from the judgment a specific provision retaining jurisdiction over the enforcement of the agreement. Plaintiffs pair this argument with their request for a further amendment in the Judgment so as to allow them to register it, as it pertains to HHM, with the Registry of the Property of the Commonwealth of Puerto Rico.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (hereinafter "*Kokkonen*"). Generally, federal district courts do not have jurisdiction to enforce a settlement agreement that put an end to a case previously before the court. *See, id.* at p. 381–382, 114 S.Ct. 1673. When the parties to a federal lawsuit settle and seek dismissal of the suit, the Court may retain jurisdiction so as to police compliance with the settlement agreement only under some circumstances. *See, Id.* If the dismissal was pursuant to Fed.R.Civ.P. 41(a)(2)[2], the Court may require, as part of its order

dismissing the case, that the parties comply with the settlement agreement; alternatively, the court may include a provision retaining jurisdiction. *See, Id.* Where the dismissal is pursuant to Fed.R.Civ.P. 41(a)(1)(ii)[3], "the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract, if the parties so agree." *Id.; see also, Mun. of San Juan v. Rullán*, 318 F.3d 26, 27 (1st Cir.2003) (a district court may retain jurisdiction over a settlement agreement after dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(ii) if "the parties either have agreed to incorporate the terms of the settlement into the dismissal order or have executed a stipulation authorizing the court to retain jurisdiction over the implementation of the settlement").

■ If the court dismisses the action without taking the necessary precautions, however, it will be devoid of jurisdiction to enforce the settlement contract, and such enforcement must be left to the state courts "unless there is some independent basis for federal jurisdiction". *Id.* at p. 382, 114 S.Ct. 1673. Following the Supreme Court's ruling in *Kokkonen*, the First Circuit stated that a district court may preserve jurisdiction over a settlement agreement "by either including a provision explicitly retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement in the court's order" dismissing the case. *Lipman v. Dye*, 294 F.3d 17, 20 (1st Cir.2002). The problem arises where, as here, the Court does not use such clear cut language nor recites the provisions of

---

**2.** Fed.R.Civ.P. 41(a)(2) reads in part: "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

**3.** Fed.R.Civ.P. 41(a)(1)(ii), in turn, states in part that "an action may be dismissed by the plaintiff without order of court ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."

the settlement agreement in the dismissal order.

Some courts faced with dismissal orders that did not follow exactly the *Kokkonen* prescription have found that, despite the variance with *Kokkonen*, jurisdiction to enforce the settlement existed. In *Parigian v. LeBlanc*, 134 F.3d 361, 1998 WL 10227 *1 (1st Cir.1998)(unpublished), the First Circuit found that the district court had jurisdiction to enforce the settlement agreement in a case in which the court's judgment "incorporated the parties' settlement agreement by ordering [plaintiff] ... to make specific payments to [defendants]". As such, the First Circuit found that a breach of the agreement was a breach of the court's order, thereby investing the court with jurisdiction over the issue. *Id.* (quoting *Kokkonen* at p. 381, 114 S.Ct. 1673). In *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir.2001), the Sixth Circuit found that the district court's statement in the dismissal order that any "subsequent order setting forth different terms and conditions relative to the settlement and dismissal of the within action shall supersede the within order" was "a 'separate provision' retaining jurisdiction [over the settlement agreement] in compliance with *Kokkonen.*" In so holding, the Sixth Circuit stated that the teachings of its earlier precedents that there are no magic words that a district court need intone in order to effectively retain jurisdiction survived *Kokkonen. Id.*, at p. 643 (citing *McCall–Bey v. Franzen*, 777 F.2d 1178). Finally, in *Lee v. Runyon*, 18 F.Supp.2d 649, 653 (E.D.Tex. 1998), the court found that it had subject matter jurisdiction to enforce an agreement that settled a Title VII lawsuit because the settlement agreement provided that the court retained jurisdiction to enforce the agreement and the dismissal order, in turn, stated that dismissal was granted after review and full consideration of the agreement.

█ We now turn to the parties' agreements and the language of our Judgment. Both the Joint Motion for Voluntary Dismissal (Docket # 113–1 ¶ 4) and the Sealed Settlement Agreement (Docket # 115 ¶ 15) stated that the parties agreed to have the Court retain jurisdiction to enforce the terms of the agreement. But the parties' intentions are insufficient for the Court to preserve jurisdiction over the settlement agreement; in order for that intention to be effective, the Judgment must incorporate it. *See, Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F.Supp.2d 482, 483 (S.D.N.Y.2004) (finding that, despite the parties' intentions to that end, the district court had not preserved jurisdiction over the settlement agreement and stating that "[a] district court is not obliged to retain jurisdiction to enforce a settlement simply because parties may wish it to do so"). The critical issue here, then, is whether the Court's judgment did indeed cater to the parties' intentions.

The Court's Judgment read as follows:

Pursuant to the parties' Joint Motion for Voluntary Dismissal (Docket # 13) and the Sealed Settlement Agreement (Docket # 15), the above-captioned case is **DISMISSED WITH PREJUDICE.** All settlement funds are to be deposited with the Clerk of the Court, subject to the Court's custody and control. Each party shall bear its own costs. Judgment is hereby entered accordingly. (Docket # 119).

This Judgment does not explicitly state that it will honor the parties' request that it retain jurisdiction over the settlement agreement. Neither does it follow the formulae identified in *Kokkonen* and *Lipman*, 294 F.3d at 20, as allowing the Court to retain jurisdiction since it failed to incorporate the terms of the settlement or include a separate provision retaining jurisdiction.

Despite the failure to use the precise *Kokkonen* language, we have considered whether our Judgment could be read as successfully retaining jurisdiction over the settlement agreement. Binding precedent precludes us from finding that the 'pursuant to the motion for voluntary dismissal and the settlement agreement' language serves as a basis for exercising jurisdiction over the settlement agreement. *See, F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico*, 449 F.3d 185, 190 (1st Cir.2006). And although we are tempted to find that the second sentence of our judgment-stating that the settlement funds should be deposited with the Clerk of the Court subject to the Court's custody and control brings this case within the contours of *Parigian*, 134 F.3d 361, we resist the impulse, cognizant of the differences between the judgment at issue in *Parigian* and our own.[4] While the *Parigian* judgment expressly ordered one party to make specific payments to another party, ours stopped short of such a clear directive. Nor do we find *Lee*, 18 F.Supp.2d 649, to be of particular help here. We did not use the 'review and full consideration of' language used therein. Even if we had used it, we would still have to inquire whether the finding in *Lee* is compatible with *F.A.C., Inc.*, 449 F.3d at 190. Finally, while we are mindful of the soundness of the Sixth Circuit's statement that no special incantation is required in order to preserve jurisdiction over a settle-ment agreement, *see Re/Max Intn'l*, 271 F.3d at 643, both *F.A.C., Inc., supra*, and *Lipman*, 294 F.3d at 20, forcefully suggests that some particularity in the language employed must be observed in order to comply with *Kokkonen*.

We are thus forced to conclude that our Judgment did not clearly express our intention to preserve jurisdiction over the sealed settlement agreement. As such, we must also conclude that our order to Defendants to pay the settlement amounts past due (see Docket # 141) was in error. Our inquiry, however, does not end here.

### III. Fed.R.Civ.P. 60(a)

Plaintiffs have requested that the Court amend the Judgment pursuant to Fed. R. 60(a) so as to include the necessary provision to retain jurisdiction over the settlement agreement. Defendant did not oppose this request.[5]

Fed.R.Civ.P. 60(a) allows the Court, upon motion by a party or on its own initiative, to correct at any time "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." Rule 60(a) "deals solely with the correction of errors that properly may be described as clerical or as arising from oversight or omission." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2854 (2nd

---

**4.** We note, moreover, that *Parigian, supra*, is an unpublished opinion and, as such, is not binding precedent. *See*, R. 32.3 of the Local Rules of the First Circuit. Inasmuch as it speaks to the problem at hand, however, it serves as persuasive authority. *See, id.*

**5.** Lest this be fodder for further requests for reconsideration, we hasten to add that Plaintiffs' request was included within the same document stating their opposition to HHM's second motion for reconsideration (Docket # 147). But the title of Plaintiffs' motion in opposition plainly gave away the dual purpose of that document ("Plaintiffs' Opposition to Motion to Reconsider ...; Motion Requesting Order Clarifying Judgment and/or to Amend Judgment Nunc Pro Tunc"). As such, HHM could have filed an opposition thereto. Even if the conjunction of Plaintiffs' opposition with their R.60(a) request induced HHM to believe that an opposition was no longer appropriate, the district's Local Rules allowed HHM to seek leave to file a reply to Plaintiffs' opposition. *See*, Local Rule 7.1(c). No such leave was requested.

ed.1995). Among other things, Rule 60(a) allows for the correction of a judgment "if the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision." *Id.* At least one court has used R. 60(a) to amend a judgment so as to include the language necessary to effect the parties' and the court's intention, at the time of dismissal, that the court retain jurisdiction over the settlement agreement. *See, Blue Cross and Blue Shield Ass'n v. American Express Co.,* 225 F.R.D. 230, 233 (N.D.Ill. 2004). While no court within our circuit has had to address the issue directly, the First Circuit has suggested that a district court may amend its judgment pursuant to R. 60(a) so as to have it comport with its original intention of reserving authority to enforce the settlement. *See, F.A.C., Inc.,* 449 F.3d at 191.

Because R. 60(a) "can only be used to make the judgment . . . speak the truth and . . . [not] . . . to make it say something other than what originally was pronounced", 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *supra,* we must determine whether our Judgment, as is, reflects the Court's intention to preserve jurisdiction over the settlement agreement. That the parties intended this effect is unquestionable; both their motion for voluntary dismissal and the sealed settlement agreement expressly stated that the Court should retain jurisdiction to enforce the terms of the settlement agreement.[6] As for the Court, its intention to retain authority over the settlement and the compliance therewith is shown by its inclusion in the judgment of the provision ordering that the settlement payments owed be deposited with the Clerk of the Court, subject to the Court's custody and control.

■ Accordingly, we find that R.60(a) relief is proper in order for the Judgment to reflect the parties' and the Court's original intention that the Court preserve jurisdiction over the settlement agreement. Similarly, Plaintiffs' further request that the Court amend the judgment so as to include the necessary provisions for them to record it in the appropriate division of the Commonwealth's Registry of Property is warranted. That too was treated in the settlement agreement and that the Court intended that Plaintiffs be allowed to take such action is evident from the minutes of the settlement conferences held in chambers (see Docket # 105).

In order to allow Plaintiffs to effectively register the Judgment, an Amended Judgment setting forth HHM's obligation must be issued. The Amended Judgment will also include a clear statement of the Court's intention, at the time of its original issuance, to retain jurisdiction over the settlement agreement. These amendments will be made *nunc pro tunc.*

### IV. Sealed Motion to Compel Compliance

So as to leave no stone unturned, and per our ruling on Plaintiffs' R. 60(a) request, we hereby **GRANT** Plaintiffs' sealed motion to compel HHM's compliance with the settlement agreement. HHM is **ORDERED** to pay the first installment due under the settlement agreement by **November 27, 2006.**

---

**6.** Although the Judgment did not state so, since all of the parties signed and filed a motion requesting dismissal of the case, said dismissal was pursuant to Fed.R.Civ.P. 41(a)(1)(ii). *See, Hester Indus., Inc. v. Tyson Foods, Inc.,* 160 F.3d 911, 916 (2nd Cir.1998) ("Rule 41(a)(2) does not apply to circumstances where plaintiff can secure consent to a stipulated dismissal. [ . . . ] Because all of the parties stipulated to dismissal in the underlying action, the dismissal of the case was pursuant to Rule 41(a)(1)(ii) and not by order of the district court.").

## Conclusion

For the reasons stated above, HHM's motion is **DENIED** and Plaintiffs' motions are **GRANTED.** Amended Judgment will be entered in accordance with this Opinion and Order.

**SO ORDERED.**