**Patricia Below GRANBERRY,**
**Plaintiff–Appellant,**

v.

**Dennis O'BARR, Defendant–Appellee.**

No. 88–4428
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1988.

Bennie L. Turner, Randolph Walker, Walker & Turner, West Point, Miss., for plaintiff-appellant.

Taylor B. Smith, Threadgill, Smith, Sanders & Jolly, Columbus, Miss., for defendant-appellee.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This is a diversity case involving a fatal automobile accident in Chickasaw County, Mississippi. Appellant, Patricia Granberry, brought suit for damages against Dennis O'Barr, appellee, in the death of her father in the accident. Her father, driving a pickup truck, was hit on the left hand side by a tractor semi-trailer rig owned by O'Barr and operated by James E. Hardin. The jury verdict found no negligence in the operation of the tractor semi-trailer owned by appellee O'Barr.

Three issues are raised by appellant: The sufficiency of the evidence to support the verdict of the jury, the refusal of the court to allow cross-examination of the only non-involved eyewitness to the accident as to a corporate connection with the insurer of appellee's truck, and the refusal to instruct the jury of the obligation under Mississippi law to slow down when special hazards such as hills, turns, and intersections exist. We briefly discuss each claim in turn.

■ Our review of a jury verdict as to the sufficiency of the evidence is exceedingly narrow because of the requirements of the right to a jury trial preserved by the Seventh Amendment to the United States Constitution. "[N]o fact tried by a jury shall be otherwise reexamined in any court of the United States than according to the common law." The common law standard of review is not the "clearly erroneous" standard in a trial before the court as provided in Fed.R.Civ.P. 52(a). Instead, it is the same common law standard which is applied in awarding a directed verdict or a judgment notwithstanding the verdict. The standard of review is usually referred to as a "sufficiency of the evidence" standard. But the limited scope of our review is not fully described by such a general statement. In detail, we have stated it this way:

> The standard for appellate review of a jury's verdict is exacting. The verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary. If there is evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions, the jury function may not be invaded.

*Western Co. of North America v. United States*, 699 F.2d 264, 276 (5th Cir.), *cert. denied*, 464 U.S. 892, 104 S.Ct. 237, 78 L.Ed.2d 228 (1983).

■ The record in this case reveals that there is persuasive evidence that the truck was not exceeding the speed limit of 55 miles an hour, that it had moved into the left lane to pass the pickup truck, and that without signal or warning of any kind the pickup truck suddenly turned left across the left lane to enter a driveway. The particular stretch of highway was open and straight, without obstruction and without intersections. This evidence justifies a finding of no negligence on the part of the appellee's driver.

■ The second issue is the assertion that the court erred in not allowing cross-examination of Mr. Gregory, the only eye-witness to the accident who was not a participant in it. The cross-examination would have explored the witness's employment by the Southern Farm Bureau Life Insurance Company, which is, according to the evidence in the record, under the same "umbrella" of the Mississippi Farm Bureau which was the liability carrier for appellee. He also had earlier been an agent for Mississippi Farm Bureau Company, the liability carrier. Finally, at the time of his testimony at trial, but not at the time of his deposition, he had become an executive in charge of training with the Mississippi Farm Bureau Company again, appellee's liability insurer.

The court explored this corporate relationship very carefully in deciding whether to allow this witness, Mr. Gregory, to testify. The evidence showed that the life insurance company was a separate entity. Its income or loss was separate from and not intermingled with the liability insurance company. The directors of the two companies also were different persons.

The court exercised its discretion in following Fed.R.Evid. 411 in excluding evidence of the liability insurance, and Rule 403 in weighing the relevancy of the proffered evidence against the unfair prejudice that might result from the admission of the evidence. Relevant to the ruling that the cross-examination of the witness Gregory as to his work affiliations would not be allowed, the developed record showed that Gregory's statements immediately at the scene of the accident to the driver of appellee's truck and to the highway patrolman were completely consistent with his later testimony in deposition and in trial. At the scene he told the driver of the tractor semi-trailer "there was nothing you could do". He also stated that the pickup truck had been parked on the shoulder and pulled out into the right lane in front of the truck, that the truck was not speeding, and that suddenly without giving a signal the pickup turned left in front of the truck which was passing the pickup. He also made these same statements to the highway patrolman investigating at the scene and to another witness who did not see the accident but came upon it shortly after it had occurred.

These statements were the key to Gregory's testimony. There is not the slightest shred of evidence that he had any knowledge as to whether the owner of the truck even had liability insurance, much less with the company with which he had in the past been associated, at the time he made those statements. Under these circumstances, we cannot conclude that the court abused its discretion in forbidding cross-examination as to the corporate connections of the witness Gregory and the existence of the liability insurance.

■ Finally, appellant urges that a standard Mississippi charge should have been given based upon the Mississippi legal requirement that drivers must slow down when presented with curves, blind hills, intersections, and other special road hazards. The instruction was properly denied in this case because the record evidence establishes that the truck was undertaking to pass on an open stretch of highway where there were no intersections, no turns, and no blind hills, or any other special circumstances which would require reducing speed below the speed limit.

We find the record fully supports the jury verdict of no negligence against the appellee and his driver.

AFFIRMED.