IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40800
Summary Calendar

_____

MICHAEL CHARLES BUSCH,

Plaintiff-Appellant,

versus

RAY BROOKINS,

Defendant-Appellee.

Appeal from the United States District Court
for the
Eastern District of Texas
(1:94-CV-621)

August 19, 1997

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Micheal Charles Busch, #59832, appeals the jury's verdict in his 42 U.S.C. § 1983 civil rights case and challenges the fairness of the trial.  Specifically, Busch contends (1) that the district court erred in admitting and excluding several pieces of evidence and testimony at trial; (2) that the evidence presented at trial was insufficient to support the jury's verdict; and (3) that the district court improperly denied the appointment of counsel.  He

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

now seeks a new trial.

We review district court evidentiary rulings for abuse of discretion. See Polanco v. City of Austin, 78 F.3d 968, 982 (5th Cir. 1996). After reviewing the record in the present case, we hold that the evidentiary issues raised by Busch are either frivolous or abandoned for failure to brief them adequately. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Busch argues that Brookins was deliberately indifferent for failing to take precautions to prevent attacks by the other inmates and that Brookins was not entitled to qualified immunity. If Busch's arguments are construed liberally, it appears that he is challenging the sufficiency of the evidence supporting the jury verdict. A jury verdict will be "upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at" a contrary verdict. Granberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988) (quoting Western Co. of N. Am. v. United States, 699 F.2d 264, 266 (5th Cir. 1983)). Since we hold that reasonable men could reach different conclusions, the jury verdict will not be set aside.

Lastly, Busch argues that he was hindered in presenting his case at trial without the assistance of counsel. There is no general right to appointment of counsel in civil rights actions. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982) (citing Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975)). An attorney should be appointed only if exceptional circumstances exist. In

2

determining whether to appoint counsel in a § 1983 case, the court should consider: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination." <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). We review district court decisions on appointment of counsel for abuse of discretion. <u>See</u> <u>Salmon v. Corpus Christi Indep. Sch. Dist.</u>, 911 F.2d 1165, 1166 (5th Cir. 1990). In the present case, the magistrate judge did no abuse his discretion in denying Busch's motion for appointment of counsel.

Busch's appeal is without arguable merit and therefore is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous it is dismissed. <u>See</u> 5th Cir. R. 42.2. Busch is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. Busch is cautioned further to review any pending appeals to ensure that they do no raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.