**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 98-30999

HELANE A ANDERSON;  RODGER H ANDERSON, Estate of

Plaintiffs-Appellants,

versus

CLINTON SHARP, III, MD, ET AL;

Defendants,

GUSTAVO A GUTNISKY, MD;  LOUISIANA MEDICAL MUTUAL INSURANCE CO;  A FOSTER HEBERT, MD

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1759-A)

August 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB,[*] District Judge.

PER CURIAM:[**]

Helane A. Anderson and the estate of her deceased husband, Roger H. Anderson (collectively "the Andersons") appeal the district court's final judgment in favor of defendants A. Foster Hebert, M.D.;  Gustavo A. Gutnisky, M.D.;  Clinton Sharp, III, M.D.;  and the Louisiana Medical Mutual Insurance Company.  We affirm.

I

The Andersons ask us to reverse the district court and remand for a new trial.  They contend

---

[*]  District Judge of the Eastern District of Texas, sitting by designation.

[**]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred in excluding the expert testimony of Mr. Anderson's treating physicians. The district court excluded the treating physicians' testimony because the Andersons failed to obtain and produce expert reports for these witnesses, as required by the district court's pretrial order. The Andersons argue that in applying its "no report, no expert testimony" rule, the district court inappropriately expanded Federal Rule of Civil Procedure 26(a)(2)(B), and violated their rights under Louisiana law.

We review the district court's decision to exclude evidence as a means of enforcing its pretrial order for abuse of discretion. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (noting that "consistent with the authority vested in the trial court by Rule 16, [we] give[] the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order'"). To determine whether the district court abused its discretion, we consider four factors: (1) the explanation of the party for its failure to comply with the court's order; (2) the importance of the excluded evidence; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See EEOC v. General Dynamics Corp.*, 99 F.2d 113, 115 (5th Cir. 1993).

In considering these factors, we note that the Andersons have not offered a persuasive explanation for their failure to comply with the district court's pretrial order. Although the Andersons contend that it was impossible to obtain expert reports from the treating physicians, there is no evidence in the record that the Andersons actually requested a report from any treating physician or that any treating physician refused to provide one. Moreover, there is no evidence in the record as to exactly what the treating physicians would have testified to. The Andersons neither petitioned to amend the district court's pretrial order nor submitted a good cause motion to the district court explaining why they could not obtain expert reports from the treating physicians. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (stating that "the claimed importance of Plaintiffs' expert testimony merely underscores the need for Plaintiffs to have complied with the district court's deadlines or at least informed the trial judge in advance if good faith compliance was

not possible"). We therefore conclude that the district court did not abuse its discretion in excluding the expert testimony of Mr. Anderson's treating physicians.

The Andersons also contend that the district court erred in not granting their motion for a new trial. They assert that a new trial is required because the jury committed clear error in failing to find Doctors Hebert and Gutnisky grossly negligent in their care and treatment of Mr. Anderson. We defer heavily to the wisdom of the jury verdict. Thus, "a jury verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary." *Granberry v. O'Barr*, 866 F.2d 112, 113 (5th Cir. 1988). "We do not reweigh the evidence or set aside the jury findings complained of merely because we might draw different inferences or conclusions from the evidence. Rather we sit to determine whether there was any substantial evidence in the record that fairly tends to support the verdict." *Mack v. Newton*, 737 F.2d 1343, 1350 (5th Cir. 1984).

After reviewing the record evidence, we conclude that substantial evidence exists that fairly tends to support the jury verdict. *See id*. Accordingly, we will not set aside the jury verdict. The district court did not err in denying the Andersons' motion for a new trial.

III

For the foregoing reasons, we AFFIRM the judgment of the district court.