# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-30105
Summary Calendar

KHALID TAHA,

Plaintiff-Appellant,

versus

MONTELL USA INC,
doing business as Montell Polyolefins,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-76

October 15, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Khalid Taha appeals an adverse jury verdict in his discrimination action against

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Montell USA, Inc., including the trial court's rulings on proffered evidence. For the reasons assigned, we affirm.

## BACKGROUND

Taha is Lebanese, Arabic, and his faith is Muslim. He was employed as a lab operator by Montell from June of 1990 until his termination on December 31, 1998. He contends that from the inception of his employment to the time of his termination, he was subjected to repeated acts of discriminatory harassment aimed at his race, religion, and national origin. The record before us contains contradictory evidence as to every incident of claimed harassment. Taha cites a number of examples of alleged harassment. Montell counters that the cited instances were merely cases of playful banter, and that far from being the target of attacks, Taha welcomed and participated in a give and take between himself and his co-workers. Montell adds that in those instances of actual conflict, in which another Montell employee was at fault, the company reprimanded the wrongdoer.

In early 1998, Taha filed a Charge of Discrimination with the EEOC which, after an investigation, resulted in a determination favorable to Taha. Following this determination, Taha filed the instant complaint. At trial he sought admission of the EEOC determination.

In preparation for trial, Taha took the deposition of Tony Iwobi, a co-worker.

He sought to introduce portions of this deposition respecting remarks made to Iwobi related to his race and national origin. Montell countered that Iwobi's testimony referred only to instances in which he and other employees were joking around and that Iwobi never complained to management about the incidents.

Montell successfully moved for exclusion of Iwobi's testimony and the EEOC determination. The jury returned a verdict in favor of Montell, finding that the company had not discriminated against Taha on racial, religious, or national origin grounds. This appeal followed.

## ANALYSIS

Taha complains of the trial court's order excluding the EEOC determination and Iwobi's deposition. We review such evidentiary rulings for abuse of discretion and may not set aside a verdict based on an error in the exclusion of evidence unless "such action appears . . . inconsistent with substantial justice . . ."[1] or has affected the "substantial rights of the parties . . .."[2] Our review of the record, filings and arguments of counsel, and the relevant authorities compels the conclusion that the order excluding the evidence is not an adequate basis for reversible error.

---

[1] Fed. R. Civ. P. 61; see also Smith v. Isuzu Motors Ltd., 137 F.3d 859, 861 (5th Cir. 1998).

[2] Carter v. Massey-Ferguson, Inc., 716 F.2d 344, 349 (5th Cir. 1983).

We review a jury verdict for sufficiency of the evidence, and "[t]he verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary."[3] We will not disturb the jury's verdict merely because "there is evidence of such quality and weight that reasonable and fair minded men in the exercise of impartial judgment might reach different conclusions."[4] Our review of the record in light of relevant authorities convinces us that the evidence and controlling law support the jury's verdict.

Accordingly, the judgment of the District Court is in all respects AFFIRMED.

---

[3] Grandberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988).

[4] Id.