United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 02-30794
Summary Calendar

—————————————

DWAYNE TRIGGS,

                                        Plaintiff-Appellant,

versus

R&B FALCON DRILLING USA, INC.; ET AL.,

                                        Defendants,

R&B FALCON DRILLING USA, INC.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-1754-C
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Dwayne Triggs brought suit pursuant to the Jones Act,
46 U.S.C. app. § 688, and general maritime law for injuries
sustained while he worked on an offshore oil rig.  The jury
awarded damages for pain and suffering, but it did not award
any amount for lost wages.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

On appeal, Triggs challenges the district court's refusal to allow the introduction of the deposition testimony of Kenneth Wiggins. Triggs, however, did not adequately show Wiggins's unavailability and has not shown that the district court erred in determining that the jury could not evaluate Wiggins's credibility. We find no abuse of discretion. See FED. R. CIV. P. 32(a)(3)(D); Bobb v. Modern Products, Inc., 648 F.2d 1051, 1055 (5th Cir. 1981), overruled on other grounds, Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997).

Triggs also argues that the district court erred in refusing to allow him to impeach a defense expert's testimony with the deposition of Wiggins, which the expert admitted he had reviewed. A review of both the expert's testimony and Wiggins's deposition shows that the expert's testimony was not inconsistent with Wiggins's deposition testimony. We conclude this argument is without merit.

Triggs argues that the jury's failure to award any amount for lost wages or lost meal benefits was contrary to the law and evidence. Based upon our review of the record, we conclude that the jury's verdict should be affirmed because the facts and inferences do not "point so strongly and so overwhelmingly in favor of [Triggs's claims] that reasonable men could not arrive at any verdict to the contrary." Granberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988) (internal quotation omitted).

AFFIRMED.