**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 23, 2001**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60649
Summary Calendar

ARNOLD SEYMOUR,

Planitiff-Appellant,

VERSUS

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE;
CHESTER BRADFORD, JR.

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(3:97-CV-524-WS

August 23, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Arnold Seymour appeals a jury verdict in favor of defendants-appellees, Consolidated Freightways Corporation and Chester Bradford on a negligence claim arising from a traffic accident. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

**FACTS AND PROCEDURAL HISTORY**

During the early morning hours of August 2, 1995, in Mississippi, Arnold Seymour (hereafter "Seymour")drove a tractor-trailer rig loaded with a cargo container south on Interstate 55 until he heard two popping noises.  Seymour then stopped on the interstate's shoulder and examined the vehicle.  Upon discovering two blown out tires, Seymour began to walk to a truck stop at a nearby exit.  Although the truck stop's tire man was gone for the night, a gentleman who frequented the truck stop, Tom Arnold, offered to fix the tires and drove Seymour back to his disabled rig on the interstate.

Intending to ease the rig back to the truck stop, Seymour turned on his flashers and proceeded south on the interstate between five and twenty-five miles per hour, straddling the white fog line with part of his truck on the shoulder and part of it in the right hand lane of travel.  Following behind in his own pickup truck, Tom Arnold assumed the role of escort.[1]

Although several vehicles passed Seymour and Tom Arnold without incident, after driving about a mile and a half, a tractor-trailer rig driven by Chester Bradford and pulling two pup trailers began to close in on Tom Arnold and Seymour.  Fearing that he would be crushed between the rigs of Seymour and Bradford, suddenly Tom Arnold veered to the right, off the roadway, and the right side of

---

[1]  Conflicting testimony was presented at trial regarding whether the flashers on Tom Arnold's pickup truck were operating properly.

2

the second pup trailer being pulled by Bradford crashed into the left rear corner of the cargo container trailer being pulled by Seymour. Pieces of Bradford's second pup trailer and its contents were strewn along the highway but neither Seymour nor Bradford required immediate medical attention.

Seymour argues on appeal that 1) the trial court erred in admitting into evidence the defendant's exhibit D-9, a letter from the Louisiana Department of Labor accusing Seymour of unemployment compensation fraud, 2) the jury erred when it failed to find that Bradford was negligent, and 3) that Bradford's negligence was the proximate cause of Seymour's injuries.

### EVIDENTIARY RULING

Seymour asserts that the trial court erred in admitting into evidence a letter from the Louisiana Department of Labor accusing Seymour of unemployment compensation fraud and that the letter should not have been admitted because 1) it was not listed in the Pre-Trial Order, 2) it was not properly authenticated pursuant to FED. R. EVID. 902, 3) it was hearsay, and 4) it violated FED. R. EVID. 608(b) and 403. We review the admission of evidence for abuse of discretion. *United States v. Hearod*, 499 F.2d 1003, 1004 (5th Cir. 1974)(citations omitted). However, because the objection at trial to the admission of the letter was couched only in terms of improper predicate, plain error analysis applies. *Douglas v. United Svcs. Auto. Ass'n.,* 79 F.3d 1415, 1424 (5th Cir. 1996).

"[T]he admission of evidence is within the sound discretion of the district court.  Absent proof of abuse an appellate court will not disturb a district court's evidentiary rulings."  *Jon-T Chemicals, Inc. v. Freeport Chemical Co.*, 704 F.2d 1412, 1417 (5th Cir. 1983) (citations omitted).  After reviewing the record, we find no error, plain or otherwise in the district court's admission of the letter into evidence.

## JURY FINDINGS

Seymour complains that the evidence sufficiently proves that Bradford was negligent and that the jury erred when it failed to find that Bradford was negligent.  We review a jury's verdict under the sufficiency of the evidence standard.  See *Granberry v. O'Barr*, 866 F.2d 112, 113 (5th Cir. 1988).  Under this standard, "[t]he verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary." *Id.* (quoting *Western Co. of North America v. United States*, 699 F.2d 264, 276 (5th Cir.), cert. denied, 464 U.S. 892, 104 S.Ct. 237, 78 L.Ed.2d 228 (1983)).  In the instant case, we find the evidence presented in the record to be of sufficient quality and weight for reasonable and fair minded jurors exercising impartial judgment to reach a verdict in favor of the defendants-appellees.

The final issue presented on appeal is whether Bradford's negligence was a proximate cause of any injuries to Seymour.

4

Although proximate cause is an element of a claim for negligence, the jury verdict did not contain a finding of negligence. Therefore, we need not address proximate cause on this appeal.

## CONCLUSION

Accordingly, we affirm the judgment of the district court.

AFFIRMED.