United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50571
Summary Calendar

_____

ANTHONY TOMBLIN,
also known as Lucky Tomblin,

Plaintiff-Appellant,
versus

JESSE TREVINO, Officer, ET AL.,

Defendants,

CITY OF SEGUIN, Texas,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-1160
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony "Lucky" Tomblin appeals from the district court's denial of his FED. R. CIV. P. 50 motion for judgment as a matter of law and FED. R. CIV. P. 59 motion for new trial following the jury's verdict in favor of the City of Seguin, Texas, in his 42 U.S.C. § 1983 civil rights suit. Among other things, Tomblin argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the City's pervasive practice of obtaining social security numbers (SSN) during routine traffic stops established the existence of a well-established policy and custom, thereby entitling Tomblin to judgment as a matter of law on his 42 U.S.C. § 1983 claim. For purposes of his motion for new trial, Tomblin contends that the jury instructions were flawed because they were submitted on the issue of municipal liability only without the benefit of the district court's threshold determination whether a constitutional violation had occurred. Tomblin also argues that the jury's verdict was against the weight of the evidence, and that the district court erred in failing to recite findings of fact or conclusions of law with respect to Tomblin's state-law claim, as required by FED. R. CIV. P. 52.

We have reviewed the record and the briefs submitted by the parties and hold that reasonable persons could have reached different conclusions regarding the existence of an official City policy or custom mandating the disclosure of a person's SSN. Accordingly, the jury's determination of this issue will not be disturbed. See Granberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988).

Tomblin's challenge to the jury instructions, raised for the first time on appeal, does not survive plain error review. See Hartsell v. Dr. Pepper Bottling Co. of Tex., 207 F.3d 269, 272 (5th Cir. 2000); Tex. Beef Group v. Winfrey, 201 F.3d 680, 689 (5th Cir. 2000). Similarly, we reject as lacking merit Tomblin's arguments

challenging the evidence supporting the jury's verdict, and the district court's alleged failure to recite findings of fact and conclusions of law.  See Sherman v. United States Dep't of the Army, 244 F.3d 357, 365 (5th Cir. 2001); FED R. CIV. P. 52(a).

AFFIRMED.