United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30974
Summary Calendar

_____

WILBERT BRADLEY,

Plaintiff-Appellant,

versus

DANNY GASPARD, Sergeant; WILBUR JACOBS, Sergeant,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 00-CV-260-B
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:*

Wilbert Bradley, Louisiana prisoner no. 118934, appeals the jury verdict against him in his civil rights action under 42 U.S.C. § 1983. Bradley alleged that prison guards wrongly allowed another inmate to enter Bradley's cell and attack him. Defendant Jacobs was dismissed, and Bradley does not appeal that dismissal. Bradley contends that the jury verdict for the remaining defendant was not supported by evidence. He also contends that the district court erred by not allowing two

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

witnesses to testify, by allowing the defendant to file a second motion for summary judgment, and by denying Bradley's motion for summary judgment.

There was evidence that the assailant deliberately misled the inexperienced defendant by telling him to open the wrong cell door and that the defendant did so in error. Bradley presented evidence that could have established the defendant's negligence, but a reasonable jury could easily conclude that the defendant did not act with the requisite "deliberate indifference" to Bradley's safety. See Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995) (discussing deliberate indifference); Granberry v. O'Barr, 866 F.2d 112, 113 (5th Cir. 1988) (jury verdict will be upheld unless reasonable jury could not reach that verdict).

Bradley offers only short, bald conclusions without factual or legal analysis with regard to his other claims. Consequently, those claims are waived. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) (even pro se litigants must brief issues); see also Brown v. Slenker, 220 F.3d 411, 421 n.9 (5th Cir. 2000) (summary judgment rulings mooted by trial).

The judgment of the district court is

AFFIRMED.