Timothy CHATMON, Plaintiff-Appellant

v.

WEST TEXAS COUNSELING & REHABILITATION; Dr. Juan Garcia; Ivan Garcia; Tonya McKinzey, Defendants-Appellees

No. 15-11239
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Filed May 2, 2017

Timothy Chatmon, Pro Se

Robert Arthur McNiel, Calhoun, Bhella & Sechrest, L.L.P., Dallas, TX, for Defendants-Appellees

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM: *

Timothy Chatmon seeks leave to proceed in forma pauperis (IFP) on appeal from the Federal Rule of Civil Procedure 12(b)(6) dismissal of his complaint alleging breach of contract and violations of Title VII of the Civil Rights Act (Title VII) and the Americans with Disability Act (ADA). By moving to proceed IFP, Chatmon is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

This court reviews a Rule 12(b)(6) dismissal de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

In its dismissal of Chatmon's complaint, the district court found that Chatmon failed to allege facts necessary to state claims upon which relief could be granted. The district court determined, inter alia, (1) that Chatmon's allegations did not indicate that his employment was anything other than at-will employment; (2) that Chatmon neither specified his actual disability nor alleged how his request not to work on Saturdays was reasonably related

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his disability; and (3) that Chatmon did not allege that before deciding to terminate Chatmon's employment, West Texas knew that Chatmon requested off work on December 24, 2012 for religious reasons.

On appeal, Chatmon does not identify, challenge, or refute any of these conclusions by the district court. Although this court applies "less stringent standards to parties proceeding pro se than to parties represented by counsel" and liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). By failing to identify any error in the district court's analysis that his complaint failed to state a claim upon which relief could be granted, Chatmon has abandoned on appeal any argument against this determination. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Chatmon's assertion that the district court erred when it denied his motion for discovery is without merit. *See Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008) (parties not entitled to discovery prior to district court's Rule 12(b)(6) ruling). Furthermore, the district court did not abuse its discretion when it denied Chatmon's motions for appointment of counsel as Chatmon's claims were not complex and his allegations failed to show a probability of success on his claims. *See* 28 U.S.C. § 1915(e)(1); 42 U.S.C. § 2000(e)-5(f)(1); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Gonzalez v. Carlin*, 907 F.2d 573, 579–80 (5th Cir. 1990); *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982).

Thus, Chatmon has failed to show that he will raise a nonfrivolous issue on appeal.

*See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.