# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-40252
Summary Calendar

KURBY DECKER

Plaintiff - Appellant

v.

CHEQUITA DUNBAR, Law Librarian for Texas Department of Criminal
Justice; NITA BURGESS, Property Officer; LATOOYA SANDERS,
Classification Manager; DAVID L HUDSON, Warden; DENNIS MARTIN,
Captain of Operations; JORDAN SMITH, JR., Sergeant of Operations;
NORRIS JORDAN, Lieutenant, Operations; KELLY ROSEBERRY,
Correctional Officer V Operations; TAMMY SHARP, Correctional Officer IV
Law Library Officer; V BARROW; EUGENE ALLEN, Correctional Officer IV
Operations; DONALD GIBSON, Correctional Officer IV Operations;
PAMELA WILLIAMS, Assistant Director for Classification and Records;
RISSI L OWENS, Chair Person, Texas Board of Pardons & Paroles; COLT
MORTON; LIEUTENANT HERBERT BARRON; ERIC HOWELL; ALL
DEFENDANTS

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:06-CV-210

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

*Pro se* Plaintiff-Appellant Kurby Decker appeals the district court's grant of summary judgment to Defendants-Appellees Texas Department of Criminal Justice ("TDCJ") officials, dismissing his various claims brought under 42 U.S.C. § 1983, including violations of his Eighth Amendment rights by limiting his access to courts, deliberate indifference, failure to protect, denial of parole, and retaliation. Decker also alleged causes of action under the ADA for policy violations.

This court reviews a district court's grant of summary judgment *de novo*. *Melton v. Teachers Ins. & Annuity Ass'n of Am*., 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment should be affirmed where the pleadings and evidence present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317. 330 (1986).

Appellees, as government officials, are entitled to qualified immunity for claims brought against them in their individual capacities. *See Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). To defeat such immunity, Decker must: 1) state a claim for a violation of a constitutional right; 2) show that the constitutional right was established at the time of the actions at issue; and 3) demonstrate that Appellees' conduct was objectively unreasonable in light of the legal rules clearly established at the time of their actions. *Thomas v. City of Dallas*, 175 F.3d 358, 363-64 (5th Cir. 1999). Decker cannot satisfy these requirements with conclusory allegations of wrongdoing. *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). Nevertheless, his filings are replete with conclusory statements without evidentiary support. Consequently, Decker has failed to establish that the conduct of any of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

numerous TDCJ officials named as appellees has resulted in an actual deprivation of his constitutional rights. Because Decker has not established that Appellees' conduct violated any constitutional right, Appellees are entitled to qualified immunity for claims brought against them in their individual capacities.

Moreover, the Eleventh Amendment bars Decker's claims against Appellees in their official capacities. The Eleventh Amendment bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity may be waived either by the state itself, or by Congress pursuant to § 5 of the Fourteenth Amendment. *Welch v. Tex. Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 473-74 (1987). Neither exception is present here. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989) (noting that in passing § 1983, Congress "had no intention to disturb the states' Eleventh Amendment immunity"). To the extent Decker seeks prospective injunctive relief, which is not barred by the Eleventh Amendment, he has failed to demonstrate a deprivation of constitutional rights pursuant to an official state policy. *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996). Therefore, the district court did not err in granting summary judgment in Appellees' favor.

Finally, Decker argues the district court erred by limiting discovery on his claims, thereby preventing him from obtaining all of his requested discovery. We review discovery and evidentiary rulings for abuse of discretion. *Gomez v. St. Jude Med. Daig Div., Inc.*, 442 F.3d 919, 927 (5th Cir. 2006). The district court ordered initial disclosures, even though proceedings brought by incarcerated individuals *pro se* are typically exempt from initial disclosures. *See* FED. R. CIV. P. 26(B)(iv). Decker has not shown what information was missing from the discovery he received, nor how failing to receive this information

harmed the presentation of his case.  Therefore, the district court did not abuse its discretion by limiting discovery in this case.

AFFIRMED.