# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2022

Lyle W. Cayce
Clerk

No. 20-50528

Carlton E. Brantner,

*Plaintiff—Appellant*,

*versus*

Freestone County Sheriffs Office; Sheriff Don Anderson; Lieutenant Jimmy McAdams, Jr.; Corporal Don Dunn; Correctional Officer Ben Barlow; Municipality of Freestone County; Sergeant Wade Harrison,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
No. 616-CV-351

Before Higginbotham, Higginson, and Oldham, *Circuit Judges*.

Per Curiam:[*]

We review seven challenges by Carlton Brantner, a pro se plaintiff, who sustained injury while a pretrial detainee in the Freestone County jail.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

He appeals the district court's grant of the Defendants' motions and of summary judgment. We affirm.

## I.

Brantner alleges that while housed as a pretrial detainee, he was assaulted three times in two weeks by the same inmate, Levi Jones-Carroll. The first assault allegedly arose because Brantner was standing too close to Jones-Carroll while watching television. A week later, Jones-Carroll assaulted him a second time because he thought Brantner had hidden an extension cord from him. Brantner says that Jones-Carroll entered his cell, grabbed him by the ankles and "jerked me off the bunk and I hit the concrete floor on my tailbone and back causing me injury." He sustained only minor injuries during the first two assaults.

On December 20, 2014 Jones-Carroll assaulted him a third time and he injured his left eye socket, jaw, and gave him chest contusions, requiring emergency medical treatment in a local hospital. In his discharge papers, the E.R. doctor wrote that Brantner needed to see a specialist surgeon within one week. Brantner did not see the surgeon until January 7, 2015, although the surgeon was available the week of December 21, 2014. On seeing him, the surgeon told Brantner that this delay allowed his fractures to heal improperly, requiring an additional, invasive surgery that would be painful and leave scarring. Given the potential pain and scarring from this procedure, Brantner decided not to undergo the surgery.

Brantner sued the Freestone County Sheriff's Office, Sheriff Don Anderson, Jail Administrator Lieutenant Jimmy McAdams Jr., Jail Shift Supervisor Corporal Don Dunn, and Correctional Officer Ben Barlow (collectively the "Defendants") under 42 U.S.C. § 1983. He alleges that Defendants were deliberately indifferent to his safety because they failed to separate him from Jones-Carroll after the first two assaults and because they delayed getting him medical care after the third assault. Brantner sought an injunction, compensatory damages, and punitive damages. Brantner later

amended his complaint, adding Freestone County and Sergeant Wade Harrison as defendants (included in the "Defendants").

The district court granted Defendants' motion to limit discovery to issues of qualified immunity. Following this focused discovery, the district court granted summary judgment and dismissed all of his claims. Brantner timely appealed.

## II.

After the Defendants filed their reply brief, Brantner moved to amend his initial brief to address his failure to cite to the record on appeal. That motion has been carried with the case.[1] As the amendments were only to include adequate record cites and Defendants fully briefed each issue on appeal, the motion is GRANTED.[2]

Brantner also attached several documents to his brief that were not presented to the district court and were not included in the Record on Appeal. Brantner never moved to supplement the record pursuant to Federal Rule of Appellate Procedure 10(e) nor does he allege that these documents were omitted from the record by error or accident. We "will not enlarge the record on appeal with evidence not before the district court."[3] We disregard these attachments and do not consider them in our review.

## III.

We review a grant of summary judgment *de novo*, viewing all evidence and drawing reasonable inferences in favor of the nonmoving party.[4] Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] No. 20-50528, Order Carrying Motion with the Case, Document: 005161354.

[2] *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam).

[3] *Trinity Indus., Inc. v. Martin*, 963 F.2d 795, 799 (5th Cir. 1992).

[4] *Ratliff v. Aransas Cnty.*, 948 F.3d 281, 287 (5th Cir. 2020).

matter of law."[5] "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6] "This court may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court."[7] "When a defendant official moves for summary judgment on the basis of qualified immunity, 'the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law.'"[8]

## IV.

Brantner brings seven issues on appeal. First, whether the district court properly limited discovery to qualified immunity; second, whether Freestone County violated Brantner's constitutional rights in failing to provide a law library; third, whether Defendants violated Brantner's Eighth Amendment rights in failing to segregate convicted prisoners and pretrial detainees; fourth, whether the district court erred in granting Dunn and Barlow qualified immunity; fifth, whether Anderson, Harrison, and McAdams were liable for their subordinates' alleged constitutional violations under § 1983; sixth, whether Defendants were deliberately indifferent to Brantner's medical needs; and seventh, whether the district court abused its discretion in denying Brantner's three motions to appoint counsel. Issues four, five, and six turn on whether certain defendants are entitled to qualified immunity. We address each issue in turn.

---

[5] Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

[6] *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (internal quotation marks omitted).

[7] *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020) (citation omitted).

[8] *Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (quoting *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018)).

**A.**

Brantner argues that the district court should not have limited discovery because the Defendants were not entitled to qualified immunity. The defense of qualified immunity also invokes protection from pretrial discovery.[9] To ensure defendants are not burdened by pretrial discovery after invoking this defense, a district court may "ban discovery at . . . [the] pleading stage and may limit any necessary discovery to the defense of qualified immunity."[10] Brantner has not shown that he could overcome the defense of qualified immunity, the information missing from the discovery, or how it harmed the presentation of his case.[11] The district court did not abuse its discretion in limiting pretrial discovery to the issue of qualified immunity.[12]

**B.**

Brantner argues that the district court erred in dismissing his claim that Defendants violated his right to access courts because the jail did not provide inmates with a law library, federal materials, or access to grievance forms. The district court found that any failure to provide grievance forms was not a constitutional violation but did not address the lack of a law library or other federal materials.[13]

Prisoners have a constitutionally-protected right of access to the courts.[14] But there is no "abstract, freestanding right to a law library or legal assistance" in a jail, and an inmate cannot demonstrate the requisite actual

---

[9] *Backe v. LeBlanc*, 691 F.3d 645, 648–49 (5th Cir. 2012).

[10] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

[11] *Decker v. Dunbar*, 358 F. App'x 509, 511 (5th Cir. 2009) (per curiam).

[12] *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 631 (5th Cir. 2014).

[13] Although Brantner raised the issue of the law library in his amended complaint, Brantner did not raise it again in his subsequent filings to the district court.

[14] *DeMarco v. Davis*, 914 F.3d 383, 387 (5th Cir. 2019).

injury for an access-to-courts claim "simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."[15] "To prevail on such a claim, a prisoner must demonstrate that he suffered 'actual injury' in that the prison 'hindered his efforts' to pursue a nonfrivolous action."[16]

Brantner argues that the lack of grievance forms and a law library violated his constitutional rights, but he does not "go one step further" and show how this lack hindered his ability to pursue nonfrivolous legal claims.[17] Unlike in Brantner's earlier case, exhaustion is not at issue here, so the failure to timely provide grievance forms did not hinder his ability to pursue his claims.[18] And considering Brantner's progress and success in litigating his suit to date, he fails to show that lack of access to a law library hindered his efforts.

## C.

Brantner argues the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they housed him with convicted inmates when he was a pretrial detainee. The district court did not address this claim and Brantner did not brief it before the district court. Liberally construing Brantner's complaint and supplemental briefing, his allegations that Defendants failed to provide a safe and secure environment rested on the alleged failures of Defendants to act after either the first or second assault. It was not until this appeal that Brantner challenged the

---

[15] *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

[16] *DeMarco*, 914 F.3d at 387 (quoting *Lewis*, 518 U.S. at 349, 351).

[17] *See Lewis*, 518 U.S. at 351.

[18] *Brantner v. Freestone Cnty. Sheriffs Off.*, 776 F. App'x 829, 834 (5th Cir. 2019) (per curiam) (Brantner appealed the district court's grant of summary judgment for failure to exhaust his administrative remedies; this Court found that a genuine issue of material fact remained as to whether administrative remedies were made available to him so summary judgment was precluded); *DeMarco*, 914 F.3d at 387.

No. 20-50528

Defendants' decision to house pretrial detainees and convicted prisoners together. As this claim is brought for the first time on appeal, it is forfeited.[19]

**D.**

Brantner challenges the district court's finding that defendants Dunn and Barlow were entitled to qualified immunity. We use a two-step inquiry to determine if an officer is entitled to qualified immunity. First, "we ask whether the officer's alleged conduct has violated a federal right."[20] Second, "we ask whether the right in question was clearly established at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct."[21] We have "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first."[22] "When an official raises qualified immunity on summary judgment . . . the plaintiff bears the burden of showing that the defense does not apply."[23] Brantner has not carried that burden here.

Brantner contends that Dunn and Barlow failed to protect him following the first and second assaults. After the first assault, Dunn told him to "lay low," but took no other action. After the second assault, Barlow confiscated the extension cord which had led to the assault, locked his cell door for his protection, but took no further action. The evidence provided by Brantner discussed the extension cord, but not violence by Jones-Carroll or any other concerning conduct that would have put the Defendants on notice that they needed to take further action to prevent future assaults. There is no

---

[19] *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

[20] *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc).

[21] *Id.*

[22] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

[23] *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020).

evidence in the record that Barlow or Dunn knew of, but ignored, a serious threat to Brantner.[24]

Brantner argues that Dunn and Barlow violated his constitutional rights by failing "to follow a multitude of ministerial duties as they apply to the constitutional violations against him." At most, Brantner has alleged that Barlow and Dunn violated the jail's policy by failing to obtain grievance forms more quickly or move him to a different cell following the assaults. However, "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."[25] Here, the defendants "did not disregard 'an excessive risk to inmate health or safety.'"[26] As there is no evidence here that Barlow and Dunn actually knew of and ignored a serious threat to Brantner, they did not violate a constitutional right and are entitled to qualified immunity.[27]

## E.

Brantner argues that defendants Anderson, Harrison, and McAdams are liable for their subordinates' alleged constitutional violations under § 1983 and should not have been granted qualified immunity. The district court concluded that Brantner presented no evidence that they were personally involved in Brantner's alleged constitutional deprivation, had any policy making authority, or otherwise disregarded any known risk to Brantner.

---

[24] Although Brantner provided further evidence of Jones-Carroll's violent history on appeal, this evidence was never before the district court, so as addressed above, we cannot consider it here. *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008).

[25] *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam); *Williams v. Banks*, 956 F.3d 808, 812 (5th Cir. 2020).

[26] *Williams*, 956 F.3d at 812 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

[27] *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528 (5th Cir. 1999).

Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship.[28] A supervisor may be held liable if the supervisor was personally involved in the constitutional deprivation or if there was otherwise "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[29] Brantner has not alleged any personal involvement by Anderson, Harrison, or McAdams. He has not presented any evidence that these defendants knew of and subsequently disregarded a substantial risk to his safety; there is no evidence that Anderson, Harrison, and McAdams were aware of any potential violence from Jones-Carroll or of the previous assaults. Nor is there any evidence that these defendants implemented a policy that caused a violation of his constitutional rights.[30] Assuming that Brantner is arguing that the defendants failed to train their subordinate officers, there is no evidence showing a link between the failure to train and a constitutional violation.[31] Thus, the district court did not err in granting qualified immunity to Anderson, Harrison, and McAdams.

## F.

Brantner alleges that Defendants were deliberately indifferent to his medical needs when they failed to abide the E.R. doctor's orders to see a specialist surgeon within one week. We ask if a defendant violated a clearly established constitutional right and then whether the defendant's conduct was objectively reasonable in light of the clearly established law.[32] A prison official violates the Eighth Amendment "when his conduct demonstrates

---

[28] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[29] *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

[30] *Thompkins*, 828 F.2d at 304.

[31] *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

[32] *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006).

deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain."[33] "To prevail on a claim for deliberate indifference, [he] must show that a [state] actor denied him treatment, ignored his complaints, knowingly treated him incorrectly, or otherwise evidenced a wanton disregard for his serious medical needs."[34]

Sergeant Harrison knew that Brantner needed follow-up care within a week—care he did not receive until two weeks later, despite the doctor's availability.[35] Although "[t]he pain suffered during a delay in treatment can constitute a substantial harm and form the basis for an award of damages,"[36] Brantner has made no showing that Harrison was deliberately indifferent to his medical needs, nor has he alleged any substantial harm resulting from the delay in treatment.[37]  Neither Sergeant Harrison, nor any other defendant, were deliberately indifferent to Brantner's medical needs.

## G.

Finally, Brantner argues that the district court abused its discretion when it denied his three motions to appoint counsel. "There is no automatic right to the appointment of counsel; and in a civil case a federal court has

---

[33] *Id.* at 463.

[34] *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018).

[35] Although Brantner refers to Defendants collectively, reviewing his complaint and briefing below, it appears that Harrison is the only named defendant who was aware of the E.R. doctor's instructions and thus the only defendant who could have been deliberately indifferent to Brantner's medical needs. *Cf. Joseph v. Bartlett*, 981 F.3d 319, 325 & n.7 (5th Cir. 2020) (explaining collective analysis is inappropriate for qualified-immunity claims, which should be "addressed separately for each individual defendant").

[36] *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) (per curiam).

[37] *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("The mere delay of medical care can also constitute an Eighth Amendment violation but only 'if there has been deliberate indifference [that] results in substantial harm.'").

considerable discretion in determining whether to appoint counsel."[38] We review the district court's decision to deny a motion to appoint counsel for abuse of discretion.[39] A district court considers four factors in determining whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[40]

The district court denied each motion, finding that Brantner did not demonstrate that the complexity of his issues required appointing counsel, that he was incapable of bringing his claims, or that counsel was necessary to present meritorious claims to the court. The district court did not abuse its discretion in denying his motions for appointment of counsel.

\* \* \* \*

We AFFIRM.

---

[38] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (per curiam).

[39] *Id.*

[40] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted); *Delaughter v. Woodall*, 909 F.3d 130, 140–41 (5th Cir. 2018).